UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITES STATES OF AMERICA,

                          Plaintiff,

        -against-                              **ORDER**
                                                   CV 07-3622 (JFB)(ARL)

SAYVILLE DEVELOPMENT GROUP, L.L.C.
a/k/a SAYVILLE DEVELOPMENT CORP.,
STEPHEN RAY FELLMAN and HOME
PROPERTIES SAYVILLE, L.L.C.,

                          Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is Certilman, Balin, Adler & Hyman, L.L.P.'s ("Certilman") motion seeking to be relieved as counsel for the defendants Sayville Development Group, L.L.C. a/k/a Sayville Development Corp. and Stephen Ray Fellman. Certilman indicates that during discovery it learned of an actual conflict between its clients Sayville and Fellman, and therefore, cannot continue to represent either client. In addition, Certilman seeks a retaining lien on the defendants' file. The defendant Sayville does not oppose the application, but does dispute the amount of outstanding legal fees. The defendant Fellman similarly does not oppose the application, but has asked the court to order Certilman to provide him with a copy of his file, to give him time to find new counsel and to give counsel time to acclimate himself with the case. Finally, the plaintiff has indicated that while it does not oppose Certilman's request to withdraw, it does oppose the request for a sixty day stay of discovery while the defendants obtain new counsel. For the reasons that follow, Certilman's motion to withdraw is granted. The court reserves decision regarding the retaining lien.

### A. The Motion to Withdraw

Local Civil Rule 1.4 requires that an attorney who has appeared as counsel of record for a party "may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Certilman has presented a legal justification for the withdrawal. Certilman argues that its representation of the defendants is no longer proper since "[i]t appears that Sayville may have claims against Fellman and Fellman may have claims against Sayville." In support of its position, Certilman cites to 22 N.Y.C.R.R. 1200.24 which provides that "[a] lawyer shall decline proffered employment . . . if it would be likely to involve the lawyer in representing differing interests . . . ." Although Mr. Fellman does not agree that an actual conflict has arisen, the court agrees that the appropriate course is to have Certilman withdraw while the parties are still in the earlier stages of discvoery. Therefore, pursuant to Local Rule 1.4, Certilman's motion to withdraw is granted.

On or before December 1, 2008, the defendants shall each advise the court of the status of their representation. The court notes that the plaintiff has objected to providing the defendants with sixty days to obtain counsel given their "cavalier attitude towards this litigation. However, the court must provide this time especially since one of the defendants is a corporation that cannot appear without counsel. Discovery will be stayed during this time period and a revised a scheduling order will be issued upon receipt of the defendants status letters.

### B. The Motion for a Retaining Lien

Certilman also seeks a retaining lien in the amount of $10,524.36. It is well-settled that "an attorney who is discharged without cause before the completion of services is entitled to be paid a fee on a *quantum meruit* basis for the reasonable value of services rendered." *Allstate*

*Insurance Co., v. Nandi,* 258 F. Supp 2d 309, 311 (S.D.N.Y. 2003). In fact, "'[f]rom the commencement of an action . . . the attorney who appears for a party has a lien upon his client's cause of action'" which entitles him to keep his client's papers as security against the payment of fees. *See Cower v. Albany Law School of Union University,* 2005 U.S. Dist. LEXIS 13669 * 17 (S.D.N.Y. July 5, 2005)(*citing* N.Y. Judiciary Law § 475; *Resolution Trust Corp. V. Elman,* 949 F.2d 624, 626 (2d Cir. 1991). Certilman has been discharged without cause and there has been no showing suggesting the inability of the defendants to pay. Unfortunately, Certilman has failed to submit any support for the amount of the lien making it impossible for the court to fix the lien at this time.

Accordingly, the court reserves its decision concerning the request for a retaining lien. On or before October 10, 2008, Certilman is directed to provide the court with a copy of its retainer agreement and an itemized billing statement to support its request. A copy of this supplement must be served on each of the defendants. On or before October 17, 2008, the defendants Sayville and Fellman may respond to the supplement. Given this ruling, the defendant Fellman's request to direct Certilman to immediately turn over his file is denied.

Dated: Central Islip, New York
October 6, 2008

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge