```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITES STATES OF AMERICA,

                    Plaintiff,
                                                    ORDER
     -against-                                      CV 07-3622 (JFB)(ARL)

SAYVILLE DEVELOPMENT GROUP, L.L.C.
a/k/a SAYVILLE DEVELOPMENT CORP.,
STEPHEN RAY FELLMAN and HOME
PROPERTIES SAYVILLE, L.L.C.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

By order dated October 6, 2008, the undersigned granted the motion of Certilman, Balin, Adler & Hyman, L.L.P.'s ("Certilman") to withdraw as counsel for the defendants Sayville Development Corp. ("Sayville") and Stephen Ray Fellman. The court reserved decision regarding the retaining lien pending submission of supplemental papers. On October 10, 2008, Certilman submitted a declaration of services in support of its request. In its declaration, Certilman indicates that although no retainer agreement was executed, Paul Aniboli, principle of Sayville had orally agreed to be responsible for all fees relieving Fellman of any financial responsibility. Rowe Decl. at ¶ 3. In its supplement, Certilman also reduced its request from $10,524.36 to $7,236.86, eliminating any billing for work performed in connection with the motion to be relieved as counsel. In his affidavit, Mr. Aniboli acknowledges that he had an agreement with Certilman but still objects to the entry of the retaining lien. Mr. Aniboli argues that he should not be held responsible for research concerning the conflict since he was the person who advised Certilman about the conflict and directed it to cease representation of Fellman.

As the court indicated in its prior order, "an attorney who is discharged without cause

before the completion of services is entitled to be paid a fee on a *quantum meruit* basis for the reasonable value of services rendered." *Allstate Insurance Co., v. Nandi,* 258 F. Supp 2d 309, 311 (S.D.N.Y. 2003). A review of the billing statements issued in August and September 2008 reveal that the amount billed was reasonable with the exception of $187.50 that appears to have been billed prior to July 31, 2008. A billing statement was not provided to support that amount. With respect to Mr. Aniboli's objections, Certilman has already eliminated from its bill any work performed in connection with the motion to be relieved as counsel. The balance of the work performed involved either going discovery or calls to its clients to discuss the representation issue. Accordingly, Certilman's request for a retaining lien in the amount of $7,049.36 is granted.

Sayville shall either post a bond in the amount of $7,049.36 or pay Certilman $7,049.36 and in exchange Certilman shall release its retaining lien with respect to any files in its possession concerning Sayville. Given Certilman's acknowledgment that the defendant Fellman is not financially liable for any legal fees, Mr. Fellman's motion to have his file immediately turned over is granted.

Dated: Central Islip, New York  
       October 20, 2008

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge